**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| DORIS POLANSKY,   ) | |
| ) | |
| Plaintiff,   ) | Case No.: 4:22-cv-00368 |
| ) | (Removal from the Circuit Court of |
| v.   ) | St. Louis County, 21st Judicial |
| ) | Circuit Case No. 22SL-CC00720) |
| MENARD, INC. d/b/a MENARDS, et al.,   ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants.   ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Menard, Inc. d/b/a/ Menards hereby files this Notice of Removal of this Case from the Circuit Court of St. Louis County, State of Missouri, Civil Case No. 22SL-CC00720, where it is currently pending, to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction. As grounds for removal, Defendant states the following:

1. Plaintiff Doris Polansky filed her Petition on or about January 28, 2022 in the Circuit Court of St. Louis County, State of Missouri, Civil Case No. 22SL-CC00720, naming Menard, Inc. d/b/a Menards and John Doe as Defendants. (Exhibit A, Circuit Court File.)

2. Menard, Inc. was served with Plaintiff's Summons and Petition on February 28, 2022. (Exhibit A, Circuit Court File.)

3. Plaintiff is a citizen of St. Louis County, Missouri. (Exhibit A, Petition ¶ 1.)

4. A corporation's citizenship for purposes of federal diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also GMAC Com. Credit LLC, v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). A corporation's principal place of business "refers to the place where [its] level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve

center'[.]" *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010). Normally, a corporation's principal place of business is where the corporation maintains its headquarters. *Id.*

5. Menard, Inc. is a Wisconsin corporation. (Exhibit B, Affidavit of Rick Souba ¶ 3.)

6. Menard, Inc.'s headquarters is located in Eau Claire, Wisconsin. (Exhibit B, ¶ 4.)

7. The offices of Menard, Inc.'s officers and executives are located at its headquarters in Eau Claire, Wisconsin, and it is out of that location that Defendant directs, controls, and coordinates its business. (Ex. B, ¶¶4-6).

8. Additionally, Menard, Inc. has been found to be "a citizen of Wisconsin for diversity jurisdiction purposes." *Thacker v. Menard, Inc.*, 105 F.3d 382, 384 (7th Cir. 1997); *see also Colletti v. Menard, Inc.*, No. 14-cv-1358, 2014 WL 404356, at *1 (E.D. Mich. Jan. 29, 2015); *Carpenter v. Menard, Inc.*, No. 2:14-cv-113, 2014 WL 5465747, at *5 (N.D. Ind. Oct. 28, 2014); *Rogers v. Menard, Inc.*, No. 3:15-cv-067, 2015 WL 4064779, at *2 (N.D. Ind. July 2, 2015).

9. Accordingly, for purposes of federal diversity jurisdiction, Menard, Inc. is a citizen of the State of Wisconsin, as it is incorporated in Wisconsin and its principal place of business is located in Wisconsin.

10. Pursuant to 28 U.S.C. § 1441(b)(1), "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." As such, the citizenship of Defendant John Doe is to be disregarded and not considered in determining whether this civil action is removable.

11. At the time this action commenced and at all times since, Plaintiff and Menard, Inc. were and remain citizens of different states.

12. Plaintiff's Petition does not specify the amount of damages sought in this matter.[1] In order to satisfy the amount in controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder *could* legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); see also *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must only show that the claims originally asserted in the complaint "could, that is might, legally satisfy the amount in controversy requirement.").

13. Plaintiff seeks damages related to a personal injury allegedly sustained on an escalator in one of Menard, Inc.'s stores. (Exhibit A, Petition ¶¶ 5-13.) Specifically, Plaintiff alleges she sustained "painful and traumatic injuries to her right wrist." (Exhibit A, Petition, ¶ 22.) In addition, Plaintiff alleges that her injury is "debilitating, ongoing, and has altered Plaintiff's lifestyle and abilities and will continue to do so for the foreseeable future." (Exhibit A, Petition ¶ 23.) Plaintiff further alleges that she "lost function and strength in the use of her dominant hand, has had to alter her lifestyle and continues to suffer physical pain and general anxiety caused by this incident." (Exhibit A, Petition, ¶ 24.) Further, Plaintiff prays for judgment "in an amount in excess of $25,000." (Exhibit A, Petition). Similar allegations have been found to meet the jurisdictional amount in this District. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002).

14. When determining whether the amount in controversy is met, "the evidence may include plaintiff's representations, including settlement offers by plaintiff *exceeding* the

---

[1] Missouri Rules of Civil Procedure do not permit plaintiffs to specify the amount of any alleged monetary damages. *See* Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded… in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority…").

jurisdictional amount…or an extensive list of serious and disabling injuries suffered by the plaintiff." *Gillming v. Jill*, No. 06-0123 CV W FJG, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006) (internal quotation marks and citations omitted) (emphasis in original). *See also Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668 (E.D. Mo. July 12, 2012); *Dozier v. USAA Cas. Ins.*, No. 4:15-CV-00279-JAR, 2016 WL 629029 (E.D. Mo. Feb. 17, 2016).

15. On March 11, 2022, undersigned counsel discussed this matter with Plaintiff's Counsel. Plaintiff's counsel advised that Plaintiff sustained a broken arm as a result of the incident alleged in Plaintiff's Petition and that the amount in controversy exceeds $75,000. Plaintiff's counsel further confirmed these representations in March 11, 2022 email correspondence. (Exhibit C, March 11, 2022 email correspondence between Gregory Cook and Alex Wolff).

16. Based on Plaintiff's allegations and representations, a fact finder might legally conclude that the damages sought in this matter are greater than $75,000.00.

17. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

18. This Notice of Removal is being filed within thirty (30) days after Defendant was served a copy of the initial pleading setting forth Plaintiff's claim for relief.

19. Removal of this action is not prohibited by any federal statute.

20. Attached hereto as Exhibit A are all process, pleadings, orders, and other documents then on file in the Circuit Court of St. Louis County, State of Missouri and served upon this Defendant.

21. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of St. Louis County, State of Missouri and with counsel for Plaintiff.

22. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, State of Missouri, effects the removal of said civil action to this Honorable Court.

This 30th day of March, 2022.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
505 North 7th Street,   Suite 2100
St. Louis, Missouri 63101
314-621-1133
314-621-4405 – facsimile

By:   /s/ Gregory T. Cook
         Gregory T. Cook        #57408 MO
         gcook@mvplaw.com
         *Attorney for Defendant Menard, Inc. d/b/a Menards*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 30th day of March, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to all counsel of record.

      /s/ Gregory T. Cook_____