**22SL-CC00720**

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

DORIS POLANSKY,            )
      Plaintiff            )    Cause No.: _____
               )
Vs.                  )    Division: _____
               )
MENARD, INC., d/b/a MENARDS, and  )
               )
JOHN DOE             )
      Defendants.            )

### MOTION FOR ISSUANCE OF SUMMONS AND USE OF SPECIAL PROCESS SERVER

      COMES NOW Doris Polansky by and through undersigned counsel and for her cause of action states as follows:

    1.  Plaintiff respectfully requests the Court issue a Summons for Defendant Menards.

    2.  Plaintiff requests the Court permit Plaintiff time to conduct adequate discovery so as to identify Defendant John Doe. Upon this discovery, Plaintiff will seek issuance of Summons for that Defendant at a later date.

    3.  Plaintiff requests the Court permit the Plaintiff to utilize Harmon Legal Process Service as the Special Process Server to effectuate service of the Summons, Petition, and discovery upon Defendant Menards Registered Agent:

        Lawyers Incorporating Service
        221 Bolivar Street
        Jefferson City, MO 65101

    4.  Harmon Legal Process Service has provided successful and professional services in other civil matters before this Court. Their contact information is:  PO Box 1794, Jefferson City, MO 65101, 573.635.6690.

      WHEREFORE, Plaintiff prays this Court will issue a Summons for Defendant Menards and permit Plaintiff to utilize Rufus Harm of Harmon Legal Process Service to effectuate said service and such other further relief as the Court deems proper.



EXHIBIT
**A**

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

___/s/ Alexander A. Wolff____

Alexander A. Wolff #64247
Morgan & Morgan, PA
200 N. Broadway
Suite 700
St. Louis, MO 63102
314.955.1045 Direct
314.955.1069 Fax
alexwolff@forthepeople.com

*ATTORNEYS FOR PLAINTIFF*

SO ORDERED: _____ Date: _____

**22SL-CC00720**

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| DORIS POLANSKY,         ) | |
|       Plaintiff        ) | Cause No.: _____ |
|          ) | |
| Vs.         ) | Division: _____ |
|          ) | |
| MENARD, INC., d/b/a MENARDS, and  ) | |
|       Serve: Lawyers Incorporating Serv.  ) | |
|       221 Bolivar Street.  ) | |
|       Jefferson City, MO 65101  ) | |
|          ) | |
| and         ) | |
|          ) | |
| JOHN DOE         ) | |
|       Defendants.  ) | |
|       (Hold Service)  ) | |

**PETITION FOR PERSONAL INJURY**

COMES NOW Doris Polansky by and through undersigned counsel and for her cause of action states as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff Doris Polansky is a resident of the State of Missouri, County of St. Louis.

2.      Defendant Menard Inc. (d/b/a Menards) is a for profit corporation which owns and maintains the property located at 1700 S. Hanley Road, St. Louis, Missouri. Defendant Menards does business in the County of St. Louis.

3.      The acts and omissions described in this Petition were performed by agents, servants, employees, and contractors acting in the scope of business interest per their relationship with Defendant Menards.

4.      At all relevant times, Defendant John Doe, presumed to be a resident of St. Louis County,  was an employee or contractor of Menards at the location identified above acting within the course and scope of his employment/contract with Defendant Menards.

5.      At all relevant times, Plaintiff was an invitee of the aforesaid premises.

6.      On May 14, 2021, Plaintiff Polansky was a customer at Defendant Menards and sought help from Defendant John Doe to place a larger item into her shopping cart.

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

7.      After obtaining the item, Plaintiff Polansky desired to walk towards the checkout to pay for her purchase and obtain help in loading it into her car.

8.      In order to reach the registers, Plaintiff was required to change floors.

9.      Plaintiff Polansky asked Defendant Doe for assistance in locating the elevator.

10.     Instead of offering assistance to find the elevator, Defendant Doe took control of the 82 year old Plaintiff's shopping cart and pushed it onto the escalator and instructed Plaintiff to use the escalator instead of the elevator.

11.     Plaintiff attempted to follow her cart with her goods in it, which was traveling without her.

12.     Towards the end of the escalator, Plaintiff caught up to her shopping cart.

13.     When Plaintiff and the cart reached the end of the escalator Plaintiff was caused to fall off the escalator onto the concrete floor.

### COUNT I – PREMISES LIABILITY

### DIRECTED TO DEFENDANT MENARDS

14.     Plaintiff restates and incorporates Paragraphs 1- 13 as if fully stated herein.

15.     Upon information and belief, the dangerous condition of the escalator's function when patrons used carts on the escalator was a known hazard to Defendant Menards.

16.     Upon information and belief, Defendant Menards has been made aware of many other similar incidents involving customers and shopping carts on its escalators but failed to warn Plaintiff and other such patrons of the danger of using a shopping cart on the escalator, nor remedy the hazard in advance of Plaintiff's incident.

17.     Unbeknownst to Plaintiff at the time, Defendant Menards was aware of this foreseeable risk to herself and others.

18.     Unbeknownst to Plaintiff, Defendant Menards was aware of the dangerous condition created by Defendant Menards encouraging and expecting patrons to use shopping carts on the escalator.

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

19.     Plaintiff had no way of knowing of the hazardous and dangerous condition of the escalator existed.

20.     The aforementioned conditions had existed for a sufficient length of time so that Defendant Menards knew, or in the exercise of ordinary care, should have known of same in time to have remedied said conditions before Plaintiff's injuries.

21.     Defendant Menards was negligent by and through the acts and omissions of its agents and employees in the following ways:

      a.  Allowed for an escalator to remain in its store that functioned in such a way that created a danger to patrons when shopping carts reached the bottom of the escalator, requiring the patron to apply pushing force to get it off of the moving walkway.

      b.  Failed to warn Plaintiff and other patrons of known hazards of use of a shopping cart on the escalator; and

      c.  Failed to correct the known hazards that created dangerous conditions for Plaintiff, in advance of her patronage of the Defendants' location on May 14, 2021.

22.     As a direct and proximate result of the negligence and carelessness of Defendant Menards' policies, Plaintiff was caused to sustain painful and traumatic injuries to her right wrist.

23.     The injury is debilitating, ongoing, and has altered Plaintiff's lifestyle and abilities and will continue to do so for the foreseeable future.

24.     Plaintiff has lost function and strength in the use of her dominant hand, has had to alter her lifestyle and continues to suffer physical pain and general anxiety caused by this incident.

WHEREFORE, Plaintiff prays for a judgment against Defendant Menards in an amount in excess of $25,000, together with her costs, and such other further relief as the Court deems proper.

## COUNT II – NEGLIGENT HIRING AND TRAINING

## DIRECTED TO DEFENDANT MENARDS

25.     Plaintiff restates and incorporates Paragraphs 1- 24 as if fully stated herein.

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

26.    Plaintiff relied upon the assistance of the employees/contractors and believed Defendant Menards would act reasonably in training its employees/contractors on patron safety.

27.    After obtaining the larger item she wished to purchase, Plaintiff specifically asked Defendant John Doe to assist her in locating the elevator so she could return to the first floor of the facility to complete her purchase.

28.    Defendant Doe instead encouraged Plaintiff to use the escalator and then moved Plaintiff's cart to the escalator and told her it would "roll off" at the end.

29.    Defendant Menards negligently trained its employees in the following respects:

a.  Failed to train employees to direct patrons to the elevators upon request;

b.  Failed to warn patrons of the dangers of using a shopping cart on the escalator;

c.  Failed to train employees to assist patrons with shopping carts on the escalator if it appeared the patron needed assistance;

d.  Failed to train employees to alert patrons of the need to apply extra force to shopping carts at the bottom of the escalator to exit the escalator;

e.  Failed to train employees to limit the weight of items in patrons' shopping cart taken on the escalator;

f.  Failed to train employees that it would be inappropriate for an employee/contractor to take control of a patron's shopping cart and place it on the escalator without permission from the patron;

g.  Identification and appropriate assistance offered to elderly or disabled patrons and additional safety precautions that may be utilized;

h.  Knowledge of the prior similar incidents and what to watch for, warn of, and attempt to prevent future incidents such as the one Plaintiff had to suffer; and

i.  Location of the elevators for patron usage.

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

30.     As a direct and proximate result of these failures in education and training, Defendant's employee/contractor took Plaintiff's shopping cart and pushed it onto the escalator without Plaintiff's consent.

31.     As a direct and proximate result of Defendant John Doe's actions, Plaintiff suffered physical injury to her right wrist and general anxiety.

32.     The injury is debilitating, ongoing, and has altered Plaintiff's lifestyle and abilities and will continue to do so for the foreseeable future.

33.     Plaintiff has lost function and strength in the use of her dominant hand, has had to alter her lifestyle and continues to suffer physical pain and general anxiety caused by this incident.

WHEREFORE, Plaintiff prays for a judgment against Defendant Menards in an amount in excess of $25,000, together with her costs, and such other further relief as the Court deems proper.

## COUNT III – NEGLIGENCE

## DIRECTED TO DEFENDANT JOHN DOE

34.     Plaintiff restates and incorporates Paragraphs 1- 33 as if fully stated herein.

35.     Plaintiff Polansky recalls that Defendant John Doe is an older, Caucasian male with a thin physical build.

36.     On May 14, 2021, Defendant John Doe helped Plaintiff obtain an item from a shelf on the second floor and load it into her shopping cart.

37.     Plaintiff then asked Defendant Doe to direct her to the elevator so she may complete her purchase at the register downstairs.

38.     Defendant Doe said she should use the nearby escalator instead, and grabbed her cart from the back end, shoving it onto the conveyor belt/escalator without her.

39.     Defendant Doe offered no information about the elevator.

40.     Defendant Doe provided no warnings to Plaintiff on the dangers associated with using the escalator with a shopping cart.

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

41.     Defendant Doe did not obtain her consent to pull her cart away from her and pushed it onto the escalator.

42.     Upon information and belief, Defendant Doe was at all times relevant acting within the course and scope of his employment/agency with Defendant Menards.

43.     Upon information and belief, Defendant Doe had knowledge of the prior similar incidents of shopping carts creating hazards at the bottom of the escalator, causing injuries.

44.     Defendant Doe was negligent in the following ways:

   a. Failed to warn Plaintiff of the hazards associated with shopping cart use on the escalator;

   b. Moved Plaintiff's cart away from her and onto the escalator without consent;

   c. Failed to direct Plaintiff to the elevator, as requested by Plaintiff;

   d. Failed to offer any instruction on use of the escalator with a shopping cart;

   e. Was careless and inattentive to the needs and requests of the 82 year old Plaintiff who he had already assisted and had advance notice that she required assistance; and

   f. Failed to appreciate Plaintiff's concerns and anxiety over use of the escalator instead of the elevator that she had requested.

45.     As a direct and proximate result of Defendant Doe's aforementioned negligence, Plaintiff suffered injury to her right wrist.

46.     Plaintiff's dominant hand injury is debilitating, ongoing, and has altered Plaintiff's lifestyle and abilities.

47.     Plaintiff has lost function and strength in the use of her dominant hand, has had to alter her lifestyle and continues to suffer physical pain and general anxiety caused by this incident.

WHEREFORE, Plaintiff prays for a judgment against Defendant John Doe in an amount in excess of $25,000, together and costs, and such other further relief as the Court deems proper.

Electronically Filed - St Louis County - January 28, 2022 - 07:52 PM

___*/s/ Alexander A. Wolff*___
Alexander A. Wolff #64247
Morgan & Morgan, PA
200 N. Broadway
Suite 700
St. Louis, MO 63102
314.955.1045 Direct
314.955.1069 Fax
alexwolff@forthepeople.com

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - St Louis County - February 07, 2022 - 10:16 AM

**In the**
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Doris Polansky
Plaintiff/Petitioner

vs.

Menard, Inc.
Defendant/Respondent

February 7, 2022
Date

22SL-CC00720
Case Number

14
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Polansky                                  , pursuant
                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Harmon Legal Process Service - PO Box 1794, Jefferson City, MO 65101 - 573.635.6690
Name of Process Server                    Address                                    Telephone

Name of Process Server                    Address or in the Alternative              Telephone

Name of Process Server                    Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                         SERVE:
 Menard, Inc.  c/o Lawyers Incorporating Service
Name                                           Name
 221 Bolivar Street
Address                                        Address
 Jefferson City, MO 65101
City/State/Zip                                 City/State/Zip

SERVE:                                         SERVE:

Name                                           Name

Address                                        Address

City/State/Zip                                 City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

                                                /s/ Alexander Wolff
                                               Signature of Attorney/Plaintiff/Petitioner
                                                64247
By _____              Bar No.
   Deputy Clerk                                 220 N. Broadway, Suite 720, St. Louis MO 63102
                                               Address
   February 7, 2022                             (314) 955-1045
Date                                           Phone No.                          Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St. Louis County - February 07, 2022 - 10:16 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_Doris Polansky_
Plaintiff/Petitioner

vs.

_Menard, Inc._
Defendant/Respondent

February 7, 2022
Date

22SL-CC00720
Case Number

14
Division

For File Stamp Only

| FILED |
| --- |
| 02/24/22 |
| JOAN M. GILMER |
| CIRCUIT CLERK |
| ST. LOUIS COUNTY, MO |

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now _Plaintiff Polansky_____, pursuant
              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Harmon Legal Process Service - PO Box 1794, Jefferson City, MO 65101 - 573.635.6690_

Name of Process Server         Address              Telephone

Name of Process Server         Address or in the Alternative      Telephone

Name of Process Server         Address or in the Alternative      Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
_Menard, Inc.  c/o Lawyers Incorporating Service_
Name
_221 Bolivar Street_
Address
_Jefferson City, MO 65101_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
    Deputy Clerk

_February 7, 2022_
Date

_/s/ Alexander Wolff_
Signature of Attorney/Plaintiff/Petitioner
_64247_
Bar No.
_220 N. Broadway, Suite 720, St. Louis MO 63102_
Address
_(314) 955-1045_
Phone No.             Fax No.

**SO ORDERED:**

CCADM62-WS   Rev. 07/19

Judge      Division 14
February 24, 2022

Electronically Filed - St Louis County - February 24, 2022 - 10:28 AM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

For File Stamp Only

Doris Polansky
Plaintiff/Petitioner

vs.

Menard, Inc.
Defendant/Respondent

February 7, 2022
Date

22SL-CC00720
Case Number

14
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Polansky                                          , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Harmon Legal Process Service - PO Box 1794, Jefferson City, MO 65101 - 573.635.6690

Name of Process Server          Address                                Telephone

Name of Process Server          Address or in the Alternative          Telephone

Name of Process Server          Address or in the Alternative          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Menard, Inc.  c/o Lawyers Incorporating Service
Name
 221 Bolivar Street
Address
 Jefferson City, MO 65101
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____ **/s/Adam Dockery** _____
Deputy Clerk

Date _____ 2 / 25 / 2 0 2 2 _____

 /s/ Alexander Wolff
Signature of Attorney/Plaintiff/Petitioner
 64247
Bar No.
 220 N. Broadway, Suite 720, St. Louis MO 63102
Address
 (314) 955-1045
Phone No.                                          Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 24, 2022 - 10:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)     Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)     The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)     Appointments may list more than one server as alternates.

(B)     The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)     Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)     No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)     Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)     This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - February 24, 2022 - 10:28 AM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

_Doris Polansky_
Plaintiff/Petitioner

vs.

_Menard, Inc._
Defendant/Respondent

_February 7, 2022_
Date

_22SL-CC00720_
Case Number

_14_
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff Polansky_ , pursuant
                    Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Harmon Legal Process Service - PO Box 1794, Jefferson City, MO 65101 - 573.635.6690_

| | | |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Name of Process Server | Address or in the Alternative | Telephone |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:

_Menard, Inc.  c/o Lawyers Incorporating Service_
Name

_221 Bolivar Street_
Address

_Jefferson City, MO 65101_
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
        Deputy Clerk


Date _____

_/s/ Alexander Wolff_
Signature of Attorney/Plaintiff/Petitioner

_64247_
Bar No.

_220 N. Broadway, Suite 720, St. Louis MO 63102_
Address

_(314) 955-1045_
Phone No.                                    Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 24, 2022 - 10:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KRISTINE A KERR | Case Number:  22SL-CC00720 |
| Plaintiff/Petitioner:<br>DORIS POLANSKY | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER ABRAHAM WOLFF<br>200 NORTH BROADWAY<br>SUITE 700<br>ST LOUIS, MO  63102 |
| **vs.** | |
| Defendant/Respondent:<br> MENARD, INC.<br>DBA:  MENARDS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MENARD, INC.
DBA:  MENARDS

**LAWYERS INC SERVICE
221 BOLIVAR ST
JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>25-FEB-2022</u>
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$**_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

## For more information call: 314-615-8029



Electronically Filed - St. Louis County - March 24, 2022 - 05:09 PM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 22SL-CC00720 |
|---|---|
| Plaintiff/Petitioner:<br>DORIS POLANSKY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER ABRAHAM WOLFF<br>200 NORTH BROADWAY<br>SUITE 700<br>ST LOUIS, MO 63102 |
| Defendant/Respondent:<br>MENARD, INC.<br>DBA: MENARDS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MENARD, INC.**
                       **DBA: MENARDS**

**LAWYERS INC SERVICE**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO 65101**

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

25-FEB-2022
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____ a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_Shelley Lewis_ (name) _Authorized Agent_ (title).

☐ other _____.

Served at _221 Bolivar st. Jefferson City mo._ (address)

in _Cole_ (County/City of St. Louis), MO, on _2-28-22_ (date) at _11:05 Am_ (time).

_Rufus R. Harmon_ _Rufus R. Harmon_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**



Donna R. Meyr
Notary Public/Notary Seal
STATE OF MISSOURI
Commissioned for Cole County
My Commission Expires: March 3, 2025
ID. #13435325

Subscribed and sworn to before me on _03-01-2022_ (date).

My commission expires: _03-03-2025_ _Donna R. Meyr_
Date          Notary Public



Judicial Links | eFiling | Help | Contact Us | Print       GrantedPublicAccess  Logoff GREGORY_COOK

**22SL-CC00720 - DORIS POLANSKY V MENARD, INC. ET AL (E-CASE)**

| Case Header View | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending  ○ Ascending       Display Options:  [All Entries ▾]

---

**03/24/2022** ☐ **Notice of Service**
Return of Service.
    **Filed By:** ALEXANDER ABRAHAM WOLFF

**02/25/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-1729, for MENARD, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**02/24/2022** ☐ **Motion Granted/Sustained**
REQUEST FOR SPECIAL PROCESS SERVER APPROVED SO ORDERED: JUDGE KERR
    **Associated Entries:** 02/07/2022 - **Request Filed** ⊞

    ☐ **Note to Clerk eFiling**
        **Filed By:** ALEXANDER ABRAHAM WOLFF

    ☐ **Motion Special Process Server**
    Request for Special Process Server.
        **Filed By:** ALEXANDER ABRAHAM WOLFF

**02/07/2022** ☐ **Note to Clerk eFiling**
    **Filed By:** ALEXANDER ABRAHAM WOLFF

    ☐ **Request Filed**
    Request for Special Process Server.
        **Filed By:** ALEXANDER ABRAHAM WOLFF
        **Associated Entries:** 02/24/2022 - **Motion Granted/Sustained** ⊞

**02/04/2022** ☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO INCORRECT SPECIAL PROCESS SERVER FORM BEING FILED. THE SPECIAL PROCESS SERVER FORM MUST BE THE SAINT LOUIS COUNTY APPROVED FORM. ONCE CORRECT SPS FORM IS FILED, THE SUMMONS CAN BE ISSUED. Per Local Rule 28 (E), you must submit the "Request for Appointment of Process Server" form, which can be found on the St. Louis County Court's Web Site.

    ☐ **Filing Info Sheet eFiling**

**01/28/2022** ☐ **Filing Info Sheet eFiling**
    **Filed By:** ALEXANDER ABRAHAM WOLFF

    ☐ **Note to Clerk eFiling**
        **Filed By:** ALEXANDER ABRAHAM WOLFF

    ☐ **Motion Special Process Server**

Motion for Process Server and Summons.
**Filed By:** ALEXANDER ABRAHAM WOLFF
**On Behalf Of:** DORIS POLANSKY

☐ **Pet Filed in Circuit Ct**

Petition; CONFIDENTIAL Information Filing Sheet.
**Filed By:** ALEXANDER ABRAHAM WOLFF

☐ **Judge Assigned**